IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN L. RAY, : | |
| Petitioner : | |
| : | CIVIL NO. 3:19-CV-0988 |
| v. : | |
| : | (Judge Caputo) |
| SCOTT FINLEY, WARDEN, : | |
| Respondent : | |

**M E M O R A N D U M**

Steven L. Ray, an individual confined at the prison camp located at the Schuylkill Federal Correctional Complex (FCC Schuylkill) in Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges his conditions of confinement at his former prisons, primarily the Brooklyn Metropolitan Detention Center (MDC Brooklyn), due to the BOP's failure to properly classify him and his extended stays in solitary confinement where Bureau of Prisons (BOP) officials deprived him of many privileges afforded inmates in general population. He also seeks a reduction of his sentence due to his significant assistant to the BOP as a confidential informant. (*Id*.) On June 28, 2019, the Court issued an Administrative Order directing Mr. Ray to pay the $5.00 filing fee in this matter. Mr. Ray has since paid the requisite filing fee. (ECF Nos. 16 and 19.) Since then, Mr. Ray has filed two motions for compassionate release, one pursuant to Rule 35 of the Federal Rules of Criminal Procedure (ECF No. 17), and the other based on the First Step Act (ECF No. 24). Also pending is an "Emergency motion" seeking his immediate release and motion for this Court to issue a show cause order and hold a hearing (ECF No. 32).

For the reasons set forth below, the Court will summarily dismiss the Petition and deny all pending motions.

I.  **Standard of Review**

This matter is before the Court for screening. *See* 28 U.S.C. § 2243. The Petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas corpus and a civil-rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 125 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (per curiam). "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose of effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 92 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. at 750, 124 S.Ct. at 1304. "[W]hen the challenge is to a condition of confinement

such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.[1]

## II. Background

Petitioner, Steven Ray, was convicted pursuant to guilty pleas in the United States District Court for the Western District of New York of mail fraud and forgery of United States Treasury checks, and obstruction of justice in connection with the sentencing on the mail fraud and forgery counts. *United States v. Ray*, 713 F. App'x 20 (2d Cir. 2017). On September 16, 2016, he received an 84-month sentence on the mail fraud and forgery plea and a concurrent 84-month sentence on the obstruction plea and ordered to pay restitution. (*Id.*) His projected release date is September 20, 2021.[2]

In his Petition, Mr. Ray challenges the "conditions of [his] confinement." (ECF No. 1 at 2.) First, Mr. Ray claims the BOP misclassified him resulting in his receipt of a higher than warranted security classification level. Following his August 2015 plea agreement, Mr. Ray was held as a presentenced prisoner at the Bath County Jail (New York) for 13 months. During this time, he was housed in the maximum-security section of the prison. In October 2016 he was transferred to "Youngstown, PA" and again housed in maximum security and "with greatly restricted privileges". (*Id.* at 8.) In November 2015, Mr. Ray

---

[1] As a § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging a deprivation of a constitutional right. Court have interpreted a *Bivens* action as "the federal equivalent of the § 1983 cause of action against state actors" and exists where federal officers, acting under color of federal law, violate a plaintiff's constitutional rights. *See Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

[2] *See* https://www.bop.gov/inmateloc/ (search: Steven Ray; last visited October 24, 2019).

was transferred to USP Allenwood Low, "inconsistent with [his] designation would have demanded, at which [he] served 13 months as a result of this mistaken designation, the conditions were substantially inferior of those enjoy[ed] at a Prison Camp." (*Id*.) He spent 40 days in "solitary confinement" there due to staff's "failure to protect [his] safety." (*Id*.)

After the BOP "recognized the miss designation (sic) imposed" on Petitioner, the BOP sent him to MDC Brooklyn, an even less desirable facility than a "regular camp." (*Id*.) While at MDC Brooklyn, in November 2017, Mr. Ray had institutional safety concerns that he shared with BOP staff. (*Id*. at 9.) During this meeting BOP staff recruited Mr. Ray as a confidential informant to identify and locate inmates with cell phones inside the institution. Mr. Ray had five jobs "throughout MDC [Brooklyn] with almost access [to] everywhere." (*Id*.) The information he provided to BOP officials led to the discovery 15 cell phones and the 11 arrests of individuals. (*Id*.)

In April 2018, an inmate who was arrested for possession of a cell phone based on Mr. Ray's information told Mr. Ray he had concerns for his safety. Mr. Ray notified MDC Brooklyn staff. Staff's initial attempt to secure a transfer for Mr. Ray was denied. In June 2018, after again being confronted and threatened by other inmates, Mr. Ray went to MDC staff. (*Id*. at 13.) Staff advised Mr. Ray they were "getting [him] out of here" and placed him in protective custody for a threat assessment/transfer. (*Id*.) At the conclusion of the investigation, Mr. Ray was ordered to return to general population. Mr. Ray, following the instructions of the Warden, refused to return to general population. Mr. Ray remained in solitary confinement for more than 260 days. During that time, he became depressed and received medical and mental health treatment from MDC Brooklyn staff. (*Id*. at 19.)

dismissed without prejudice to any right Mr. Ray may have to reassert his claim in a properly filed civil rights complaint.

### B. Mr. Ray's Motions for Reduction of Sentence or Compassionate Release

The authority of a district court to modify a defendant's sentence is available only in limited circumstances: "(1) when the Director of the Bureau of Prisons moves for a reduction in the term of imprisonment on the basis of what is sometimes called 'compassionate relief' provisions; (2) when Federal Rule of Criminal Procedure 35 permits such modification; or (3) when the sentencing range under which a defendant was sentenced has subsequently been lowered by the Sentencing Commission." *In re Morris*, 345 F. App'x 796, 797-98 (3d Cir. 2009); *see also* 18 U.S.C. § 3582(c). Federal Rule of Criminal Procedure 35 offers criminal defendants the opportunity to correct or reduce their federal sentence. Fed. R. Crim. P. 35 only permits the sentencing district court to modify "arithmetical, technical, or other clear error" within 14 days after sentencing, or to reduce a sentence on a motion by the Government for substantial compliance. Fed. R. Crim. P. 35.

On December 21, 2018, the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other things, it amended 18 U.S.C. § 3582(c)(1)(A) to provide that a motion for reduction in sentence may be filed by either the Director of the BOP or a federal inmate. Prior to the enactment of the First Step Act only the Director of the BOP could file a motion for compassionate release. *See* Pub. L. No. 115-391, § 603(b); 18 U.S.C.§ 3582(c)(1)(A). When requesting a reduction of their term of imprisonment for "compelling and extraordinary reason," or "compassionate

release," a federal inmate must comply with the requirements of 18 U.S.C. § 3582(c)(1)(A), including the full exhaustion of all administrative rights to appeal the BOP's refusal to bring such a claim or after "lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

According to the policy statement's definition of "extraordinary and compelling reasons," a federal inmate also must show that he is: (1) suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, and that the impairment is one from which the inmate is not expected to recover and substantially diminishes the inmate's ability to provide self-care within the environment of a correctional facility; or (2) at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term, whichever is less; or (3) family circumstances such as the death or incapacitation of the caregiver of the inmate's minor child(ren) or where the inmate is the only available caregiver for an incapacitated spouse or registered partner; or (4) other reasons determined by the Director of the BOP. *See* U.S. Sentencing Guidelines Manual (USSG) §1B1.13; *see also* BOP Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*; available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Mr. Ray's Fed. R. Crim. P. 35 motion for a reduced sentence is based in part as relief for the BOP's past security classification errors which placed him in more restrictive prisons and long-term solitary confinement stays. It is also based on his providing "substantial assistance" to the BOP in the interdiction of contraband in numerous facilities.

(ECF No. 17.) He does not suggest any government attorney entered into an agreement with him that his assistance to the BOP would result in the government filing a motion pursuant to Rule 35(b) to reduce his sentence. (*Id.*) Petitioner's motion for compassionate release pursuant to the First Step Act is similarly based. (ECF No. 24.) He argues that his past prolonged placement in solitary confinement could be construed as an Eighth Amendment violation. (*Id.* at 2.) He recently supplemented his motion for compassionate release due to extraordinary circumstances. (ECF No. 27.) He states both he and his wife lost their brothers this summer. (*Id.*) Mr. Ray now argues that both his parents and in-laws are "without any help." (*Id.* at 2.) Upon his release, Mr. Ray plans to live with his mother for a year before reuniting with his family. (*Id.*)

The Court has no authority to consider Mr. Ray's motions for release filed pursuant to Fed. R. Crim. 35 or the First Step Act in a § 2241 petition. "In order to challenge the execution of his sentence under § 2241, [Mr. Ray] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). District courts have no authority to reduce a federal inmate's sentence under 18 U.S.C. § 3582(c)(1)(A) pursuant to federal habeas proceeding under 28 U.S.C. § 2241. *Share v. Krueger*, 553 F. App'x 207 (3d Cir. 2014) (habeas petition under § 2241 is not appropriate vehicle to review denial of compassionate release); *Rowe v. Ortiz*, No. 19-17371, 2019 WL 5078727, at *2 (D. N.J. Oct. 10, 2019) (same) (collecting cases); *United States v. Friedland*, 83 F.3d 1531 (3d Cir. 1996) (Rule 35(b) more appropriately brought via § 2255 petition, not § 2241 and only AUSA in sentencing district could file or authorize others by his consent to file a Rule 35(b) motion).

Based on the above, any motion for compassionate release whether under Fed. R. Crim. P. 35(b) or the First Step Act, should be filed with the sentencing court, the United States District Court for the Western District of New York.  Therefore, Mr. Ray's motions for release will be dismissed without prejudice to any right he or the BOP may have to file such motions in the sentencing court.  His remaining motions will be dismissed as moot.

An appropriate order follows.


**Date:  October 29, 2019**　　　　　　　　　／s/ A. Richard Caputo　　　　
　　　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**